UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No: 03-20802-CR-LENARD/O'SULLIVAN

**UNITED STATES OF AMERICA,**

v.

**IGOR FEDERICO MANOTAS-LOPEZ,**

  Defendant.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION (D.E. 902) AND DENYING DEFENDANT'S MOTION FOR SPECIFIC PERFORMANCE (D.E. 879)**

**THIS CAUSE** is before the Court upon the Report and Recommendation of Magistrate Judge John J. O'Sullivan ("Report," D.E. 902), issued on October 4, 2011, recommending that the Court deny pro se Defendant Igor Federico Manotas-Lopez's Motion for Specific Performance ("Motion," D.E. 879), filed on May 24, 2011. Defendant filed his Objections to the Report ("Objections," D.E. 906) on October 17, 2011, and the Government filed its Response (D.E. 909) on December 1, 2011. Having considered the Report, Objections, and the Response, the Court finds as follows.

On December 7, 2005, Defendant pled guilty to five counts involving the importation of five kilograms or more of cocaine (D.E. 340, 341), and on February 17, 2006, Defendant was sentenced to 135 months imprisonment for each count, which were to run concurrently (D.E. 429). In his Motion, Defendant challenges his conviction and sentence on the

1

following grounds: (1) the government breached its agreement to provide a sentence reduction in exchange for his cooperation (see Motion 2), (2) his sentence was unreasonable as compared to his co-defendants (see id. at 9-10), (3) the government did not amend the plea agreement to provide a sentencing adjustment for his minor role in the enterprise (see id. at 11), (4) his guilty plea was not knowing and voluntary (see id. at 12), (5) the government presented fraudulent testimony to the grand jury (see id.), and (6) he was not convicted of the offense for which he was extradited (see id. at 14).[1]

Pursuant to 18 U.S.C. § 3582(c), a district court has limited authority to modify a sentence after it has been imposed. A district court may modify a sentence only via (1) Rule 35 of the Federal Rules of Criminal Procedure, or (2) the express statutory authority conferred by 28 U.S.C. § 2255.[2] See United States v. Diaz-Clark, 292 F.3d 1310, 1316-18 (11th Cir. 2002). The Court agrees with the Magistrate Judge's finding that Defendant does not present a cognizable claim under either Rule 35 of the Federal Rules of Criminal Procedure or 28 U.S.C. § 2255. (See Report 6-9.)

Rule 35(a) of the Federal Rules of Criminal Procedure allows the district court to correct a sentence that resulted from "arithmetical, technical, or other clear error" within

---

[1] Prior to filing the instant Motion, Defendant filed numerous other motions contesting his conviction and sentence. The Report contains a detailed procedural history. See Report 3-5.

[2] The statute also provides that a district court may modify a term of imprisonment upon a motion by the Director of the Bureau of Prisons or when the "term of imprisonment [is] based on a sentencing range that has subsequently been lowered" by an amendment to the Sentencing Guidelines. See 18 U.S.C. § 3582(c). Neither circumstance applies in this case.

2

fourteen days after sentencing. FED. R. CRIM. P. 35(a). The Magistrate Judge found that this section is inapplicable because Defendant did not file his motion within fourteen days of sentencing. (Report 6.) Defendant did not object to this finding, and after a review of the record, the Court adopts the Magistrate Judge's finding. The Court also notes that Defendant does not appear to allege that there has been any sort of "arithmetical, technical, or other clear error" that resulted in an erroneous sentence.

Rule 35(b) allows the district court to reduce a sentence upon the government's motion for a reduction in sentence based on the defendant's substantial assistance. FED. R. CRIM. P. 35(b). The government's refusal to file such motion is subject to judicial review only "when there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation." United States v. Dorsey, 554 F.3d 958, 961 (11th Cir. 2009). The Magistrate Judge found that this section is inapplicable because Defendant failed to present any constitutionally impermissible motivation by the Government. (Report 6-7.)

Construing Defendant's Objections liberally, it appears that Defendant objects to this finding. Defendant cites to Wade v. United States, 504 U.S. 181 (1992) and requests an evidentiary hearing. (See Objections 2; see also Motion 1.) In Wade, Supreme Court held that "federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive," like "race or religion." Wade, 504 U.S. at 185-86. In his

3

Objections, Defendant does not allege any unconstitutional motive. In his Motion, Defendant generally alleges that he is Columbian and that the Government may have refused to file a substantial assistance motion based on his race or nationality.[3] (See Motion 2-3.) As the Eleventh Circuit has found, "[a] defendant who merely claims to have provided substantial assistance or who makes only generalized allegations of an improper motive is not entitled to a remedy or to even an evidentiary hearing." Dorsey, 554 F.3d at 961 (citing Wade, 504 U.S. at 186). Because Defendant has merely made generalized assertions of an improper motive, he is not entitled to his requested relief or an evidentiary hearing.

The Magistrate Judge also examined Defendant's Motion as a motion to vacate sentence pursuant to 28 U.S.C. § 2255, and found that the claims are procedurally barred under 28 U.S.C. § 2255(f) and (h). (See Report 7-8.) Defendant does not object to this finding, and after an independent review of the record, the Court adopts the Magistrate Judge's findings on this issue.

Defendant set forth four numbered paragraphs in his Objections. In the first

---

[3] Defendant's entire argument on this point is as follows:

> The defendant in [sic] Colombian, "a suspect class" in the United State[sic]. White it may be premature to allege that the government's refusal to comply with its part of the agreement had anything to do with the defendant's race or national origin, the circumstance[sic] of this case, however, suggests an improper motive as to the reasons why the government did not file a 5k1 or a Rule 35 Motion up to this date. Therefore, for the reasons stated below, the defendant request[sic] that this Honorable Court conduct a Wade hearing and grant the relief to which he is entitled.

(Motion 2-3).

4

paragraph, Defendant states that he never received a copy of the Government's Response to his Motion, and was therefore unable to make a reply. (Objections 1-2.) Even if Defendant did not receive a copy of the Government's Response to his Motion, the Government's arguments were incorporated in the Magistrate Judge's Report. Defendant was provided an opportunity to raise any objections to that Report with the Court, and he has done so. In the second and fourth paragraphs, Defendant simply requests that the court "authorize a meeting" with the prosecutor, an agent from Immigration and Customs Enforcement, and the defense attorney to be held before the Court, "in which under oath the defendant can show the truth in this motion." (Id. at 2.) For the reasons described above, Defendant is not entitled to an evidentiary hearing. Finally, in the third paragraph, Defendant reiterates that he has filed numerous motions challenging his conviction and sentence and argues that "the American System has manipulate the evidences under technically laws, changing the rules according to their convenience." (Id.) The Court finds that this argument is meritless, and notes that the Magistrate Judge has provided a detailed summation of the procedural history, together with the reasons why defendant's previous motions have been denied.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Report and Recommendation of the Magistrate Judge (D.E. 902) is **ADOPTED**; and

2. Defendant's Motion for Specific Performance (D.E. 879) is **DENIED.**

**DONE AND ORDERED** in chambers in Miami, Florida, this 14th day of December, 2011.

                         _____
                         **JOAN A. LENARD**
                         **UNITED STATES DISTRICT JUDGE**